(No. 4053

ALDEN MESSERSMITH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 20, 1948.*

HARRY C. HEYL, for Claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

ECKERT, C. J.

On May 13, 1947, the claimant, Alden Messersmith, employed by the respondent as a laborer in the Department of Public Works and Buildings, Division of Highways, while flagging traffic on S.B.I. Rt. 88, Peoria County, Illinois, was struck by an endloader and knocked to the pavement. One of the wheels of the endloader ran over his left foot and onto his left chest and shoulder before the endloader was stopped. Claimant was immediately taken by ambulance to St. Francis Hospital in Peoria and placed under the care of Dr. Hugh Cooper.

The following day, Dr. Cooper reported that claimant had sustained multiple fractures in his left foot and ankle; contusion of his chest and left shoulder; and subconjunctival hemorrhage due to the crushing of the chest. On June 19th Dr. Cooper further reported that the injuries of the shoulder and chest were relatively simple and had healed without disability; that claimant had multiple fractures in his left foot, with a dislocation of

the cuboid bone; that on May 19th a closed reduction of the tarsal fractures was done, traction pins were put through all the toes, and elastic-traction was applied with the foot in a corrective cast; that pins were also placed through the lower end of the tibia and the oscalcis to gain fixed traction.

Claimant left the hospital on May 28th, 1947, but returned on June 10th for removal of the elastic-traction. He returned home immediately. On August 26, 1947 claimant again reported to Dr. Cooper who found the fracture in the fibula then completely healed in good alignment, the fractures of the metatarsal bones healed in good alignment, and considerable comminution of the fragments at the calcan-ocuboid joint. He stated that claimant was not yet able to return to work.

On November 5, 1947 Dr. Cooper submitted his final report as follows:

"Mr. Alden Messersmith was brought to me at the St. Francis Hospital on May 13, 1947 with severe fractures and contusions about the body. The shoulder and chest lesions have cleared up without any disability. The fracture of the left fibula has healed solidly and in satisfactory alignment. The left foot was the site of the chief damage. It had fractures of the distal ends of the shafts of the second and third metatarsals, a fracture of the oscalcis, a dislocation of the cuboid in its relation to the scaphoid and in the relation of the cuboid to the cuneiform bone. The mid-tarsal region is somewhat disorganized so that it is rather difficult to give an accurate statement of the actual displacements.

"A fairly satisfactory reduction of the fractures and dislocations were carried out, and the man has a fairly good walking foot. There is, however, a marked loss of pronation and supination of the sub-astragaloid joint. Healing of the fractures and dislocations has left considerable thickness and rigidity through the tarsal region of the foot. The man is able to do fairly active work, as of my last examination on October 25th, and should get along fairly well. I believe the combination of these fractures has given him approximately 50 per cent permanent loss of function on this foot. No further treatment will be required."

At the time of the accident, claimant and respondent were operating under the provisions of the Workmen's

Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the act. The accident arose out of and in the course of the employment.

Claimant was temporarily totally disabled as a result of the injury from May 13, 1947 to October 31, 1947. Compensation, however, at the rate of $13.85 per week, and in the aggregate amount of $338.36 was paid by respondent to claimant, so that claimant has been fully compensated for his temporary total disability. Medical and hospital expenses, in the amount of $339.60, have also been fully paid by the respondent.

Claimant, however, has sustained a fifty per cent loss of use of his left foot. At the time of the injury he had been employed by the respondent for less than a month, at a wage rate of $6.00 per day. He had no minor children dependent upon him for support. Employees engaged in a similar capacity worked less than 200 days per year. Claimant's compensation rate, based on annual earnings of $1,200.00 is, therefore, $13.85 per week. For a fifty per cent permanent loss of use of his left foot he is entitled to $13.85 a week for a period of 67½ weeks, or the total sum of $934.88.

The record discloses that Mary I. Reynolds has submitted a statement of $26.40 for taking and transcribing the testimony before Commissioner Jenkins. This charge is fair and reasonable.

An award is therefore made in favor of the claimant, Alden Messersmith, in the amount of $934.88 to be paid to him as follows:

$346.25, accrued, is payable forthwith;

$588.63, is payable in weekly installments of $13.85 per week, beginning April 23, 1948 for a period of 42 weeks with an additional final payment of $6.93.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."

An award is also entered in favor of Mary I. Reynolds in the amount of $26.40 for taking and transcribing the testimony before Commissioner Jenkins, payable forthwith.